## RICHARDS vs. THE CITY OF WAUPUN.

*November 21 — December 11, 1883.*

CAUSE OF ACTION. *(1) Injury by party's own act.*
APPEAL TO S. C. *(2) Printed case, what to contain: Costs.*

1. A person cannot recover damages for a nuisance created by his own act or by the joint act of himself and others.
2. On appeal to this court the printed case should contain only a sufficient statement of the return of the trial court to present the questions involved. The appellant herein is allowed the cost of but one half of a printed case which unnecessarily contains the whole testimony *verbatim.*

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiff's house and lot was upon the south side of Main street, and fronted upon it. Adjoining his lot on the east, was the house and lot of one Carrington, and between his and Fond du Lac street, running northerly and southerly across Main street, was the house and lot of one Hatcher. From the northeast corner of Hatcher's lot, the city built a subterranean sewer in a northeasterly direction along the side of Fond du Lac street. Hatcher and Carrington each built on the front part of their lots, respectively, and on the south side of Main street, a similar subterranean sewer, and connected the same with the city sewer, with the consent of one of the aldermen of the city. The plaintiff, with like consent, also built a subterranean sewer on the front part of his lot, and connected the same with the west end of Carrington's sewer, but in refilling the excavation he left the surface considerably lower than the surface on the fronts of Carrington's and Hatcher's lots. The result was that when the weather became wet the surface water accumulated on this low, front part of the plaintiff's lot, causing a mud-hole, for the continued allowance of which the plaintiff brings

this suit against the city to recover damages. On the trial the court refused to nonsuit the plaintiff, and at the close of the testimony the jury, under the charge of the court, returned a verdict for the plaintiff. From the judgment entered on such verdict the city appeals."

For the appellant there was a brief by *S. J. Morse*, as attorney, and *J. B. Hays*, of counsel, and oral argument by *Mr. Hays*.

For the respondent there was a brief by *Eli & C. E. Hooker*, and oral argument by *Mr. Eli Hooker*.

CASSODAY, J. There is no claim that the city's sewer was not properly constructed, nor that its construction was in any way instrumental in causing the mud-hole in question. There is no claim that the city had any agency in the construction of any portion of the sewer, or in the adjustment of any portion of the soil, at the front of either of the three lots mentioned. Hatcher, Carrington, and the plaintiff each constructed that portion of the sewer, and each adjusted that portion of the soil, which was upon his own land. Such construction and such adjustment by them, respectively, is the only cause suggested as creating the nuisance complained of. Neither was done in pursuance of any ordinance, order, or direction of the city authorities, nor any one entitled to act or speak for them. The most that is claimed is that an alderman acquiesced or consented. The gist of the action is not for the wrongful act of the city, but its non-action in not preventing the plaintiff, or the plaintiff and his two neighbors, from doing what he or they did, or in not repairing the wrong which his or their joint action had inflicted upon him. It does not appear that the mud-hole had become a public nuisance. There is nothing to indicate that it had interfered with any travel upon Main street. Is the city liable under the circumstances? Can the plaintiff recover damages from the city for a mud-hole upon the front

end of his own lot, created by himself, or at most by the joint act of himself and his two neighbors? The doctrine of contributory negligence invoked by counsel is hardly applicable. Such negligence implies the wrongful act or omission of the party sought to be charged. Counsel fail to cite any case precisely in point. It may be difficult to find any adjudicated case, where a person has sought to recover damages of the city in which he lived, merely because he had himself and of his own volition, or in conjunction with others, created a nuisance upon his own lot.

We have no disposition to search for an authority precisely in point upon a question so clearly resolvable upon the well-established maxims of the law. Of course, every person is required to so use his own property as not to injure his neighbor; but there is no law which prevents any person from so using his own property as to make it less profitable or enjoyable to himself. A right of action against a person or corporation cannot arise in favor of another merely for misusing his own property. There is no exception available for the non-action of another in not preventing wrong action in ourselves. No person, by his own transgression, can create a cause of action in his own favor against another for not interfering. That to which a man consents, or causes by his own action, cannot be considered an injury for which he can recover damages. Clearly the plaintiff has no cause of action against the city. *Volenti non fit injuria.* The nonsuit should have been granted.

But we cannot allow the appellant the cost for printing 114 pages in the printed case. True, the trial judge certified, in effect, that the testimony should be preserved in the bill of exceptions by questions and answers. But this did not require the printing of the whole testimony *verbatim* and so scattered that some pages only embrace about one folio. The printed case should only present " *a sufficient statement* " of the return of the trial court to present the questions in-

volved.    Rule 8.    The appellant can only be allowed for the printed case the same as though it had been comprised in fifty-seven pages.    A similar restriction would have been applied to the respondent's brief had he been successful.    The reprinting in the brief of what is found in the printed case *verbatim*, is not a "succinct statement of so much of the record as is essential to the questions discussed," within the meaning of rule 9.    A departure in practice from these rules is not only a source of inconvenience to the court, but subjects litigants to much additional expense.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.