HANAMAN, Respondent, vs. LIBERTY TRUCKING COMPANY, Appellant.

*September 14—October 12, 1943.*

The cause was submitted for the appellant on the brief of *Adams & Adams* of Beloit, and for the respondent on the brief of *Arnold, Caskey & Robson* of Beloit.

FOWLER, J.   The plaintiff is a dealer in secondhand printing presses, and the defendant a common carrier engaged in interstate commerce.   The action is to recover damages for injury to a three-thousand-five-hundred-pound secondhand printing press of the plaintiff transported by the defendant from Chicago to Beloit which fell from defendant's truck when being unloaded at plaintiff's warehouse.   The plaintiff alleged in the complaint that the defendant received the machine to be by it "safely carried to Beloit and delivered to the plaintiff" and that the defendant "did not safely carry and deliver . . . [it], but on the contrary allowed the same to be severely damaged."

A jury trial was waived.   The court found that the defendant's "truck driver directed the work of unloading the machine and was in full charge thereof at the time of the accident;" that in making the repairs parts "removed from

other old machines" were substituted for broken parts, and the machine was not put "in anywhere near as good condition" as it was before the unloading began; and that the difference in value of the machine when finally delivered and "before the accident thereto" was $300. Judgment was entered for this amount.

The defendant claims exemption from liability for the injury to the press because:

(1) The truck driver exceeded his authority in proceeding to unload the truck because his superior had directed him not to unload it but to return it to defendant's terminal.

(2) The plaintiff's own agents participated in unloading the press and caused the injury to it.

(3) Item 990 of the tariff schedule filed with the interstate commerce commission, applicable to the plaintiff, reads:

"Rates published in this tariff apply only on such articles as can ordinarily be handled by one man. If single pieces are such as to require more than one man for loading or unloading, then the . . . consignee shall furnish whatever additional number of men are needed to handle the article and shall assume full responsibility for the safe . . . unloading. Should the carrier be required to furnish such additional help, a charge of . . . [$1.10] per hour, or fraction thereof, per man shall apply. . . ."

(1) The trial judge recited in his findings that the defendant's superintendent directed the driver not to attempt to unload the press and to bring it back to the terminal. This however is not the whole story in this respect. The evidence respecting this matter is undisputed. When the driver of the truck reached the plaintiff's premises to deliver the press, he reported by telephone to his superior, the defendant's local manager, that the plaintiff did not have adequate help for unloading it. The manager then told him to bring the press back to defendant's terminal warehouse. The defendant claims that the driver's unloading of the press was therefore

in excess of his authority, and the defendant is therefore not responsible for his negligence. However, when the driver left the telephone on receiving this instruction, help had arrived which the driver considered adequate and he proceeded to the unloading. The reason for the direction to return the press being removed, the driver under his prior instruction was authorized to go on with the unloading. At least the plaintiff was justified in relying on his apparent authority to do so.

(2) The defendant claims that because the plaintiff's son and another helper furnished by the plaintiff assisted the driver of the truck in unloading the defendant is exonerated from liability. The reason given for this proposition is that one voluntarily participating in the conduct of another which would be violative of his rights if not assented to has no right of recovery for injury resulting to him from such conduct. 62 C. J. p. 1100, sec. 16 (c) is cited in support. The statement in Bouvier's Law Dictionary of the maxim *volenti non fit injuria* as meaning that "to the consenting no injury is done," a person consenting to a thing cannot complain of it as an injury is also cited. But the thing here assented to was the unloading, not negligence in unloading. *Hackett v. Wisconsin Central R. Co.* 141 Wis. 464, 124 N. W. 1018, and *Richards v. Waupun,* 59 Wis. 45, 47, 17 N. W. 975, are also cited, but in those cases the things assented to were the commission of negligent acts.

The court found that the driver of the truck was in charge of the unloading and the evidence supports this finding. The press was being unloaded on skids laid from the tail of the truck to the landing level. A rope was tied to the press and the movement of the press was to be controlled by a man pulling back on the rope. When the press was being rolled on the bed of the truck to the skids, as it neared the skids the truck driver told the man holding the rope to stop it. He failed to do this and the press hit the corner of the skids,

tipped and fell off the truck. Thus the injury to the press was plainly due to negligence. The defendant by offering and undertaking to have the press repaired tacitly admitted that the injury was thus due. It was the duty of the defendant to deliver the press to the plaintiff and delivery includes unloading. The rule in the tariff schedule relating to unloading articles requiring more than the driver of the truck to unload them provides that the consignee shall furnish extra help, but this does not exonerate the defendant from the duty of unloading, especially as it is further provided that if the carrier is required to furnish the extra man or men required the consignee shall pay for the extra men at a specified rate per hour. The latter provision declares the effect of the consignee's not furnishing help to the carrier and thus affects the tariff rate, but it does not shift to the consignee the duty of unloading. Those helping with the unloading were the agents of the defendant regardless of not being its regular employees. Though procured by the plaintiff, if they were so procured, even if regularly employed by the plaintiff, they were loaned employees and the defendant was liable for injury caused by their negligence. The proof showing that the injury was caused as stated the judgment is grounded on negligence.

(3) The grounds of nonliability urged under (3) are that, (A) the defendant's assumption of the unloading was a violation of item 990 of the tariff schedule, and that (B) the defendant is subject to no greater obligation than that prescribed in its tariff schedule, and item 990 therein places all responsibility for injuries done in unloading upon the plaintiff and frees the defendant from responsibility therefor.

(A) Defendant cites the case between the instant parties reported in 242 Wis. 92, 7 N. W. (2d) 609, in support of its contention (A). But the only thing involved in that case was relieving the plaintiff from storage charges imposed by the tariff schedule. Here no charges imposed by the schedule are involved. The defendant charged and the plaintiff paid the tariff rate. Our former decision cannot be wangled into

making this case a discrimination in favor of the plaintiff respecting a rate charge.

(B) The defendant is apparently contending that item 990 of the tariff schedule exempts it from tort liability. We do not so construe it. It is in a tariff schedule and relates to tariff liability. If more than one man is required to unload an article weighing over five hundred pounds and additional employees are furnished by the defendant the plaintiff must pay the defendant for the extra service rendered $1.10 per hour per man in addition to the regular tariff rate. No additional employees were furnished by the defendant in the instant case, and claim for any payment in addition to the regular tariff rate is not made and no extra payment is chargeable.

It follows that the judgment of the circuit court should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.